## Case No. 5,054.

### FRANKLIN v. HEISER et al.

[6 Blatchf. 426.] [1]

Circuit Court, S. D. New York. June 2, 1869.

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

Charles M. Da Costa, for plaintiff.
John E. Burrill, for defendants.

BLATCHFORD, District Judge. On the facts·in this case, I think it is incumbent on the plaintiff, in order to show that he recovered the bonds, within the meaning of the written agreement, to show that the police of Memphis, who notified the defendants that the bonds had been recovered and were at Memphis, subject to their order, less reward and expenses, recovered them through information furnished by the plaintiff. It was easy, if the fact was so, for him to have done this, by producing the testimony to that effect of the police officers of Memphis, who arrested Marsh and obtained the bonds. No explanation is furnished on that subject by the plaintiff, except merely to show that he sent the despatch of November 25th, from Philadelphia, and several despatches afterward from various places on his way to Memphis, which gave a description of Marsh, and particulars as to when he left Philadelphia and Cincinnati for Memphis, and as to the number of his ticket, and which were received by the police of Memphis before Marsh's arrest. The case would be different n the absence of the despatch trom the police of New York, of November 24th, and of the one from the defendants of November 25th. The action, therefore, so far as it is founded on the special contract, fails.

There are in the declaration counts for work and labor, &c., being the common counts. But, on the evidence, the plaintiff was to be entitled to nothing but the $500 he received, unless he should recover the bonds or some of them. Therefore, he can recover nothing in this suit, on a quantum meruit, for the services he rendered.

I find for the defendants.